763 So.2d 497 (2000)
In the Interest of D.W. and C.W., Children.
M.W., father, Appellant,
v.
Department of Children and Families, Appellee.
No. 2D99-2910.
District Court of Appeal of Florida, Second District.
July 12, 2000.
*498 Robin H. Stevenson, Bartow, for Appellant.
Douglas Sherman, Department of Children and Families, Bartow, for Appellee.
ALTENBERND, Judge.
M.W. appeals the final order terminating his parental rights to D.W. and C.W. We affirm the termination, but reverse the order to the extent that it may prevent contact between M.W. and these children.
D.W. and C.W. are fraternal twins, who are now approximately eleven years old. M.W. is their father. The twins were adjudicated dependent in 1991. They have been in foster care since 1991, except for a period between 1993 and 1997 when they lived with M.W. Without detailing the evidence, we conclude that the trial court properly terminated parental rights. We do not question that the father loves his children, but his long-established inability to cope with their special needs warrants this decision.[1]
On the other hand, the evidence reflects that a strong bond exists between the father and his children. The Department recognizes that these children are unlikely to be adopted because of their age and special needs. During the trial, the judge candidly discussed his belief that these children's best interests would be served by continuing contact between the children and their father, as well as their biological grandparents. At trial, the Department's only concern with such visitation was the risk that it might cause the children to want to be reunited with the father. The trial judge seemed to believe that the children had the capacity to understand that reunification was not an option.
The order on appeal does not adequately address the issue of future visitation. We are inclined to believe that this issue was inadvertently omitted from the order. The trial court has authority to permit structured contact between these children and their father. See § 39.811(7)(b), Fla. Stat. (1997). We reverse the order to the extent that it implicitly denies such visitation. On remand, the trial court is free to receive additional evidence before exercising its discretion on the issue of future contact between the father and the children. Because we are remanding on this issue, we point out that the order on appeal does not affect the grandparents' right to contact D.W. and C.W. See § 39.811(7)(a), Fla. Stat. (1997). The transcript suggests that the grandparents may be confused about their ability to contact these children. It may be prudent for the trial court to clarify their status at the same time that it reconsiders structured contact by the father.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and SALCINES, J., Concur.
NOTES
[1] We note that our review of this case has been hampered by the failure of the Department to take the steps necessary to incorporate the record from the dependency proceeding into the trial court's record in the termination proceeding. The termination is a separate proceeding from the dependency. Unless the parties stipulate to the inclusion of the dependency record in the termination record or the trial court takes formal judicial notice of these records, they are not within the trial court's record and, thus, are not a part of the record on appeal. See § 90.202(6), Fla. Stat. (1997).